**UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AMANDA K. TRYBULA | ) | Bankruptcy No. 12 B 21701 |
| | ) | |
| | ) | |
| Debtors. | ) | Honorable Donald R. Cassling |

**NOTICE OF MOTION**

**To:**  Amanda K. Trybula, 3212 S. WALLACE ST. UNIT 2W, Chicago, IL 60616
Amanda K. Trybula, 216 Gamblewood, Universal City, TX 78148
Joseph S. Davidson, Sulaiman Law Group, Ltd., 2500 South Highland Avenue, Suite 200, Lombard, IL 60148*
United States Trustee Patrick S. Layng, Office of the United States Trustee, 219 South Dearborn Street, Suite 873, Chicago, IL 60604*

PLEASE TAKE NOTICE that on **Tuesday, May 12, 2020, at 9:30 a.m.**, we will appear **telephonically** before the Honorable Donald R. Cassling or such other Judge as may be presiding in that Judge's stead, courtroom 619, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, and present our **Motion to Reopen Case, Reappoint a Trustee, and Defer Filing Fee**, a copy of which is attached hereto and served upon you herewith.

**A PARTY WHO OBJECTS TO THIS MOTION AND WANTS IT CALLED MUST FILE A NOTICE OF OBJECTION NO LATER THAN TWO (2) BUSINESS DAYS BEFORE THE PRESENTMENT DATE.  IF A NOTICE OF OBJECTION IS TIMELY FILED, THE MOTION WILL BE CALLED ON THE PRESENTMENT DATE.  IF NO NOTICE OF OBJECTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING BEFORE THE DATE OF PRESENTMENT.**

Date:  May 5, 2020                                 **DAVID P. LEIBOWITZ, not individually, but as
                                                                    former Chapter 7 Trustee of the Debtor's Estate**

By:  __/s/ David P. Leibowitz__
David P. Leibowitz (ARDC # 1612271)
Law Offices of David P. Leibowitz, LLC
53 West Jackson Boulevard, Suite 1115
Chicago, IL 60604
(312) 662-5750

**CERTIFICATE OF SERVICE**

On May 5, 2020, the undersigned certifies that on this date, she caused a copy of the above notice and the document referred to therein to be served upon each person shown on the service list above by United States Mail, with postage prepaid, at Chicago, Illinois.  Those marked with an * were served via the Court's ECF System.

__/s/ Linda A. Green__
Attorney

**UNITED STATES BANKRUPTCY COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AMANDA K. TRYBULA | ) | Bankruptcy No. 12 B 21701 |
| | ) | |
| | ) | |
| Debtors. | ) | Honorable Donald R. Cassling |

**MOTION TO REOPEN CASE, REAPPOINT TRUSTEE, AND DEFER FILING FEE**

David P. Leibowitz, not individually but as the former Chapter 7 trustee of the estate of Amanda K. Trybula ("Debtor"), submits this motion pursuant to 11 U.S.C. §350(b) and Fed.R.Bankr.P. 5010 for an order reopening this case and reappointing a trustee, and in support, respectfully states as follows:[1]

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. § 1408.

2. By Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a).

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

4. Debtor filed a voluntary chapter 7 petition on May 29, 2012 ("Petition Date").

5. The Office of the United States Trustee appointed David P. Leibowitz to serve as the chapter 7 trustee.

6. During the period of his administration of this estate, Mr. Leibowitz reviewed the petition, schedules, and required supporting documentation, and concluded that there were no non-

---

[1] All chapter, section and rule references, unless otherwise noted, are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 ("Bankruptcy Code"), and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037 ("Bankruptcy Rules").

exempt assets available for administration. Accordingly, he filed his Report of No Distribution on March 28, 2013.

7. The case was closed on March 29, 2013.

8. After the closure of this case, Mr. Leibowitz learned of an unscheduled asset. He received a letter from Wells Fargo Auto dated April 21, 2020, advising that a reimbursement in the amount of $5,117.29 was due to Debtor for unnecessary CPI charges applied to her account (the "CPI Refund"), i.e., charges for Wells Fargo's Collateral Protection Insurance program.

9. Mr. Leibowitz has concluded that the CPI Refund can be administered to produce a distribution to creditors in this case.

10. Pursuant to § 554(d) of the Bankruptcy Code, the CPI Refund remains property of the bankruptcy estate in this case. Specifically, § 554(d) provides as follows: "(d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate." The CPI Refund was not scheduled, Mr. Leibowitz did not abandon it, and this Court entered no order providing other relief as to the funds. Accordingly, the CPI Refund is property of this estate.

11. Mr. Leibowitz therefore seeks an order reopening this case and directing the Office of the United States Trustee to reappoint a trustee.

12. Section 350(b) of the Bankruptcy Code authorizes this Court to reopen a case in order, *inter alia*, to have assets administered. Specifically, § 350(b) provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Further, Bankruptcy Rule 5010 provides that a debtor or other party in interest may move to reopen a case and that the Office of the United States Trustee shall not appoint a trustee unless the Court determines that a trustee is "necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case." Here, Mr. Leibowitz is a

party in interest who is authorized to file and prosecute this motion and seeks this relief to enable the CPI Refund to be administered for the benefit of creditors. Accordingly, Mr. Leibowitz requests that this Court enter an order reopening this case, directing the United States Trustee to reappoint a trustee, and deferring the fee for reopening this case until sufficient funds are present in the estate to fund its payment.

## NOTICE

13. Notice of this Motion was provided to: (a) Debtor; (b) Debtor's counsel; (c) the Office of the United States Trustee; and (d) all parties that have requested or receive notice through CM/ECF. In light of the nature of the relief requested, the Trustee requests that this Court find the notice provided for herein sufficient under the circumstances and waive and dispense with any further notice requirements.

**WHEREFORE**, David P. Leibowitz, as former trustee for the estate, requests that the Court enter an order:

(a) Granting this motion;
(b) Reopening this case;
(c) Directing the Office of the United States Trustee to reappoint a trustee in this case;
(d) Deferring the fee for reopening this case until sufficient funds are present in the estate to fund its payment;
(e) Finding notice of this motion as given sufficient; and
(f) Awarding such other and further relief as the Court deems just and proper.

**DAVID P. LEIBOWITZ, not individually, but solely in his capacity as former chapter 7 trustee of the estate**

By: /s/ David P. Leibowitz
David P. Leibowitz (ARDC # 1612271)
Law Offices of David P. Leibowitz, LLC
53 West Jackson Boulevard, Suite 1115
Chicago, IL 60604
(312) 662-5750